WILLIAM HOLLINGSWORTH et al., Appellants, *v.* PHILANDER SPAULDING et al., Respondents.

An administrator, as such, has no authority or control over the real estate of his intestate, and assumes no obligations in reference to it, and owes no duty to the heirs. He is not, therefore, precluded from purchasing such real estate upon a foreclosure sale, and from holding the same in his own right.

(Submitted January 18, 1873; decided March term, 1873.)

THIS was an action in equity to have certain real estate purchased by the defendant, Philander Spaulding, declared to be trust property, for the benefit in part of the plaintiffs.

The premises in question were formerly owned by John Hollingsworth, who, on the 4th day of April, 1860, executed a mortgage thereon. Hollingsworth died intestate, in February, 1863. Plaintiffs, his heirs-at-law, took possession of the mortgaged premises and held the same until November 28, 1863, when they were sold under a statutory foreclosure of said mortgage. Defendant Spaulding became the purchaser and went into possession, claiming title thereto. The foreclosure was regular. Plaintiffs had due notice and were present at the sale. Defendant Spaulding was appointed and acted as one of the administrators of the intestate, and plaintiffs claimed that such relation prevented him from purchasing in his own right; that by such appointment he became substantially a trustee for the parties to whom the real estate of the intestate descended. *Held*, that there was no relation between the parties existing that placed defendant in the position of trustee; that no reliance was placed upon him, and that, therefore, there was no cause of action.

*Barlow & Kennedy* for the appellants.

*Holmes & Kennedy* for the respondent.

LOTT, Ch. C., reads for affirmance.

All concur on the ground that there was no relation between the parties that placed defendant in the position of trustee; that no reliance was placed upon him.

Judgment affirmed.