Barker, J.
—The title of the land in question is vested in the defendant Holder, the assignee, for the benefit of the ■creditors of the defendant Bradner. The plaintiffs, who are the children and heirs-at-law of David H. Abell, claim that Holder holds the title in trust by the terms of an oral agreement made with the defendant Bradner for their benefit. And they prosecute this action for the purpose of having the trust declared and also carried into effect by the judgment of the court.
The interlocutory decree sustains the alleged trust in all material particulars, and the referee was ordered to take an account of the rents and income received from the lands by the said defendants respectively and of the expenditures and allowances which should be made to them as an offset to the moneys for which they are required to account.
The facts upon which the rights and equities of the parties are to be determined, are not in serious dispute. The court in its decisions passed upon all the issues, except those pertaining to the accounting. The defendants made no request of the court to rule upon any question of fact not set forth in its decision. We are then to inquire whether the judgment declaring that Bradner, at the time he conveyed the lands to Holder in trust for the benefit of his creditors, held the land in trust for the benefit of the plaintiffs as declared by the judgment. From the findings of fact it appears that Mr. Abell, the father of the plaintiffs, died intestate in the year 1872, the owner of the premises, his homestead farm of about 300 acres, which was encumbered by a mortgage given to the Mutual Life Insurance Company, to secure the decedent’s bond -for the sum of $13,000. The defendant, Alonzo Bradner, and Mary Abell, the widow of the decedent, were appointed administrators of his estate, and they made and filed an inventory of the personal assets.
In 1876, this mortgage was foreclosed, and the sum found due on the bond was $14,564.48. The decree contained a provision that if any deficiency should arise after applying the proceeds of the mortgaged premises, judgment should be awarded against the administrators.
The defendant Bradner attended the sale and bid in the premises for the exact sum due on the mortgage, including the costs of the action, and received the sheriff’s deed, in which he was named as the purchaser and grantee. In payment of his bid, Bradner executed and delivered to the mortgagee, in the original mortgage, his individual bond, and also a mortgage upon the premises to secure its payment; the balance of his bid he paid in money; immediately thereafter Mr. Bradner entered into possession of the premises, and continued to enjoy the use *248 thereof until the year 1884, when he conveyed the same to the defendant Holden in trust, for the benefit of his creditors. Both of the defendants contend against the plaintiff’s claim, and insist that upon the facts as found by the trial court, no valid trust was established, and that Bradner as the purchaser at the mortgage sale, acquired an unconditional title to the premises.
At the time of the sale, the plaintiffs were infants, for whom a guardian ad litem was appointed in the foreclosure action.
The proofs established beyond all dispute that, at the time of the sale, the market value of the premises was at least one-third greater than the sum at which they were struck off to the purchaser?
The particular fact and circumstances upon which the plaintiffs base their demands for relief is, that at the time of the sale Bradner attended and bid in the premises as their agent, and took the title for their benefit. If this fact is fairly established by the evidence, then Bradner became in equity their trustee, and held the title for their benefit, and the decree, so far as it adjudges the rights of the parties, based upon the relation of principal and agent, should not be disturbed.
The trial court has found the fact, and the evidence is ample to sustain the conclusion, that at the sale and prior thereto, Bradner approached several persons who intended to bid at the sale and requested them not to bid, as it was his intention and purpose to bid in the premises himself for the benefit and on the part of the plaintiffs, and to protect certain interests of his own; and that, in consequence of such statements and representations, the persons so approached did not make bids, and that the premises were struck off to Bradner upon his first bid, which was the only one made at the sale. On the trial, Bradner was witness for himself and his assignee, and made the confession that he did make the statements and representations as stated by the witness called for the plaintiff in that respect.
Bradner’s position at the sale was ostentatious. That he was present to bid on the premises, in the interest and as a friend of the family of the late Mr. Abell to enable his. children, the plaintiffs, to save something out of the farm, and pursuaded the bystanders not to bid, nor to interfere with his declared intentions, he should not now be permitted to change the relation which he assumed to hold towards the plaintiffs as their friend and agent.
It is a settled rule of equity, that when a person undertakes to act as agent for another, he cannot be permitted to deal in the matter of that agency upon his own account or for his own benefit; and if he takes a conveyance in his *249 own name of an estate which he undertakes to obtain for another, he will in equity, be considered as holding in trust for his principal. Sweet v. Jacocks, 6 Paige, 355; Parkist v. Alexander, 1 Johns. Ch., 394; Story on Agency, §§ 210, 227; Voorhis v. The Presbyterian Church, 8 Barb., 135.
It is not disclosed by any direct and positive evidence, that Bradner, previous to making the bid, had come to any understanding with the guardian ad litem, or with the plaintiffs personally, that he should attend the sale and act for them or either of them as agent in bidding in the premises. It does not, however, alter the case in any respect, if he had made no such arrangement with them, if he assumed to act in the capacity of agent for the plaintiffs, he cannot now be permitted to recede from that position. Sweet v. Jacocks, 6 Paige, 363.
He assumed to act on the occasion of the sale, as a vol-. untary guardian and protector of the rights of the infants. It is fair to assume, as the contrary nowhere appears, that the guardian ad litem suffered the premises to be struck off to Bradner at an inadequate price, for the reason that Bradner had volunteered to act in the capacity of an agent for the family of the deceased. As he was an administrator, he was acting in the capacity of a fiduciary agent so far as the personal estate was concered, and the infants and their guardian were justified in placing full confidence in his statements and assurance. Ho one can read the evidence in this case and believe, that Bradner could have been permitted to become the purchaser of the premises on the only bid which was made, and at the price offered, if he had not induced the others, who were in attendance at the sale, to believe he was acting for the infant.
The learned counsel for the defendant presented for our consideration the legal proposition that an administrator of the estate^ of an intestate has no control over the real estate of which he died seized, and owes no duty to the heirs regarding it, and may purchase it upon a foreclosure sale under a mortgage given by the intestate and obtain the title in his own name for his own benefit, and cites as authority and relies upon the rule as stated in the case of Hollingsworth v. Spaulding (54 N. Y., 636). This rule may be conceded, but it does not meet the case which we have under consideration. In that case the interested parties were all adults and attended the sale. The purchaser was the administrator of the personal estate of the deceased mortgagor, and without assuming to act for any of the parties interested in the real or personal estate of the decedent. The action was for the purpose of having it declared that the purchaser held the land in trust for the *250 "benefit of the heirs at law, and the court held that there was no relation between the parties that placed him in the position of trustee, and no reliance upon it had been placed on his action at the sale. Those features distinguish the case before us from that.
We think, however, that the judgment should be modified in some particulars. The trial court found that Bradner purchased the premises for the benefit of the plaintiffs and to protect certain interests of his own.
The matter referred to the referee is limited, and, as stated in the judgment, is to ascertain the amount of claims by way of judgment which were liens upon said land held by said Bradner at the date of said foreclosure sale, and that the question as to whether said Bradner should be allowed for such claims, or any part of them, be reserved until the coming in of the report of said referee.
The appellants disclaim that Bradner held any judgment which was a lien on the premises at the time of the sale, but claim that he had an equitable lien upon the premises for the amount of certain judgments which he had paid since Abell’s death, which were rendered against himself and Abell, and that Abell was the principal debtor and himself only liable as surety.
We think it proper to take proof as to the character of such claims, that it may be determined whether they constitute an equitable lien upon the premises at the time of the sale, and if so they should be protected as much as the liens created by statute; the inquiry before the referee should be enlarged so as to ascertain the amount of taxes and insurance paid by Bradner and Holder since the sale; the judgment should also be modified, so as not to require the defendants in making a conveyance to the plaintiffs to covenant against Holder’s act in giving the $13,000 mortgage to the insurance company.
Mrs. Abell, the co-administratrix of the defendant Bradner, was not a necessary party, for the reason that the purchase was not made in behalf of the administrators, nor was the defendant Bradner charged as trustee by reason of any act which he did in his representative capacity. The result of this action does not directly involve the estate in the hands of the administrators. An exception was taken to the rejection of evidence offered by the defendants upon the trial. Whether any part of the same was competent or not upon some of the issues involved, it is not necessary to inquire, as the evidence was only pertinent upon questions which have been reserved for further consideration, and, if deemed pertinent and competent, it can be offered before the referee.
The judgment, as modified, should be affirmed, with costs *251 to be, paid by the appellants, and, if paid by the appellant Holder, he is to be reimbursed out of the funds in his hands as assignee.
Form of judgment to be settled by Hr. Justice Barker.
All concur.